**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 95-5245

PAULA GREEN, a/k/a Jennifer Barnes,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-94-467)

Argued: March 8, 1996

Decided: April 18, 1996

Before WILKINSON, Chief Judge, and HALL and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Janis Richardson Hall, Greenville, South Carolina, for
Appellant. Beattie B. Ashmore, Assistant United States Attorney,
Greenville, South Carolina, for Appellee. **ON BRIEF:** J. Preston
Strom, Jr., United States Attorney, Greenville, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Paula Green's sentence for possession with intent to distribute cocaine and marijuana was enhanced for obstruction of justice pursuant to the United States Sentencing Guidelines,§ 3C1.1. She claims that the enhancement was erroneous and that it deprived her of her right to testify. We disagree. The right to testify does not include the right to commit perjury. United States v. Dunnigan, 113 S.Ct. 1111, 1117 (1993). As the evidence supports the district court's finding that Green did, in fact, commit perjury, we affirm the judgment of the district court.

I.

On August 9, 1994, Paula Green flew under an assumed name from Los Angeles to Greenville, South Carolina with two large suitcases. The Drug Enforcement Agency received information that Green purchased a one-way ticket in cash and that she acted suspiciously at the airport. Upon her arrival in Greenville, DEA Special Agent Mark A. Knight confronted her. Green could not explain why her ticket was in another name, and she claimed that the suitcases were not hers. When the DEA asked for Green's consent to search the suitcases, she refused. Agent Knight then called a trained dog to the scene, and the dog indicated the presence of narcotics. A subsequent search of the suitcases found that they contained 9 ounces of cocaine and 87 pounds of marijuana.

Green was charged with possession with the intent to distribute cocaine and marijuana in violation of 21 U.S.C.§ 841. At trial, Green's co-conspirator, Fitzroy Lambert, testified that he had paid Green $1,500 (as well as some marijuana) in exchange for her transportation of the two suitcases. He further testified that Green was known as a reliable drug courier. Green claimed, however, that she

2

thought the suitcases contained clothes and jewelry. Green testified that Lambert told her that he needed her because he could not otherwise afford to ship and insure the jewelry via a parcel service.

After Green was convicted by a jury on January 5, 1995, the district court concluded that a sentencing enhancement for obstruction of justice was appropriate pursuant to § 3C1.1 of the Sentencing Guidelines. The court explained that "the ridiculous nature of [Green's] testimony was borne out by the fact that if [Lambert] . . . had money [for Green's airline ticket and] expenses, he would have the money to ship the jewelry by UPS or some other shipper." Green was ultimately sentenced to 71 months imprisonment.

II.

The United States Sentencing Guidelines provide for a two-point enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution of the instant offense." U.S.S.G. § 3C1.1. The application note to § 3C1.1 further explains that obstruction of justice includes "false testimony." U.S.S.G. § 3C1.1, comment., n. 1. The court here found that Green's sworn testimony was "a willful and knowing falsehood."

Green contends, however, that the two-point enhancement interfered with her choice regarding whether to testify or remain silent and placed an intolerable burden on her right to testify. We disagree. It is well established that a defendant has no right to commit perjury. See, e.g., Dunnigan, 113 S.Ct. at 1117. It is also established law that "a defendant's right to testify does not include a right to commit perjury" and that the burden on a defendant's "decision whether to testify or remain silent" does not render unconstitutional an enhancement made pursuant to § 3C1.1 of the Sentencing Guidelines. Id.

After Dunnigan, all a district court need do is find that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." Id. at 1116. Here, the record demonstrates that the district court complied with Dunnigan by carefully considering Green's testimony and by making the appropriate

3

factual findings: "that [Green's] testimony was a falsehood, a willful and knowing falsehood, and it was highly relevant to the issue for which she was being tried. It was material, significantly material to the issue for which she was being tried. And it was . . . intentionally given with the purpose to create a reasonable doubt or a finding of not guilty on behalf of the jury when the truth was-- and she well knew the truth -- that those were drugs she was carrying." As it cannot be said that any of these findings is clearly erroneous, we uphold the district court's enhancement of Green's sentence pursuant to § 3C1.1.

III.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

4